<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MINISTER KHURT BEY ex rel. CURTIS CLYDE BEATTY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-3985 (SRC) |
| | : | |
| v. | : | OPINION |
| | : | |
| THE STATE OF NEW YORK, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

      This matter comes before the Court on the application of <u>pro se</u> Plaintiff Minister Khurt Bey ex rel. Curtis Clyde Beatty ("Plaintiff") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915.  However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), based, respectively on the Complaint's failure to state a claim upon which relief may be granted and on the grounds of immunity.

      At the outset, the Court notes that because Plaintiff is proceeding <u>pro se</u>, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Even so, the Court has an independent

obligation to satisfy itself that it has subject matter jurisdiction over an action. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).  If it appears that the Court lacks subject matter jurisdiction, the action must be dismissed. Fed.R.Civ.Pro. 12(h)(3); In re Orthopedic Bone Screw Products Liability Lit., 132 F.3d 152, 155-56 (3d Cir. 1997). Additionally, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed on the merits. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This action arises out of the enforcement of child support obligations imposed on Plaintiff by order of the Family Court of the State of New York, Westchester County.  Plaintiff maintains that all attempts to enforce any child support orders, including the issuance of a warrant for his arrest for failure to comply with his payment obligations, are unlawful because the child support obligations have been nullified by an October 2, 2009 order of the United States Bankruptcy Court discharging all of Plaintiff's debts. The October 2, 2009 order is attached to the Complaint. It appears that Plaintiff was in fact arrested pursuant to that warrant.  Plaintiff pleads for relief

under 42 U.S.C. § 1983, alleging that the actions of Defendants have deprived him of his civil rights under the Fourth, Fifth and Ninth Amendments to the United States Constitution.  He names as Defendants to this suit the judge who issued the warrant for his arrest, the Family Court of the State of New York, an individual who testified in the state family court proceedings, and the State of New York itself.  For the following reasons, the Court determines this action must be dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

 First, as to Defendants the State of New York and the Family Court of the State of New York, Plaintiff's suit is barred by Eleventh Amendment sovereign immunity. "The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State.' " Tennessee v. Lane, 541 U.S. 509, 517 (2004) (quoting Eleventh Amendment). "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Only two exceptions to Eleventh Amendment immunity have been recognized by the Supreme Court: waiver of immunity by the state and abrogation of immunity by Congress. Alden v. Maine, 527 U.S. 706, 755-56 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996). Neither of these exceptions apply to permit Plaintiff's § 1983 claims to proceed against the State of New York and its judicial arm. See Pennhurst, 465 U.S. at 99 (holding that state's waiver of immunity and consent to be sued in federal court must "be unequivocally expressed"); Quern v. Jordan, 440 U.S. 332, 345 (1979) (holding that Congress did not abrogate a state's Eleventh Amendment immunity in enacting § 1983).  Moreover, Plaintiff's § 1983 claims against the State of New York and the Family Court of the State are

barred because these Defendants are not "persons" within the meaning of § 1983 and therefore not subject to suit under that provision. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

      Second, the claims against Defendant Judge Nilda Morales Horowitz are barred by the doctrine of judicial immunity. Plaintiff alleges that Judge Horowitz violated his rights by issuing a warrant for his arrest predicated on a debt - his child support obligations - that was discharged by a bankruptcy court order of October 2, 2009. Plaintiff alleges that he had advised Judge Horowitz of the bankruptcy court discharge by affidavit of October 30, 2009, a copy of which he attaches to the Complaint. He pleads for $250,000 in damages against Judge Horowitz and generally asks to be compensated in the additional amount of $9,350.00, representing the money he paid to be release from jail and money he spent preparing the instant litigation. Under the doctrine of judicial immunity, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). The Supreme Court has held that the immunity protects judges from suit, not just from the ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). Immunity may only be overcome where the actions forming the basis of the lawsuit are not judicial in nature or where the actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Id. at 11-12. According to the allegations of the Complaint, Plaintiff's claims against Judge Horowitz arise out of her issuance of an arrest warrant, plainly an exercise of her judicial functions. There is no indication, moreover, that such action was taken in the absence of jurisdiction. Thus, the doctrine of judicial immunity applies, and the claims against Defendant

Judge Horowitz must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(iii), which compels dismissal of claims for monetary relief against defendants who are immune from such relief.

Finally, to the extent Plaintiff seeks to assert a § 1983 claim against Defendant Diedra Johnson, that claim must be dismissed for failure to state a claim upon which relief may be granted.  The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Plaintiff alleges that Johnson gave false and slanderous testimony in the proceedings in New York Family Court, which concerned changed circumstances having an impact on child support payments she sought from Plaintiff.  Section 1983 claims may, however, be brought only against persons acting under color of state law.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Community Med. Ctr. v. Emergency Med. Serv., 712 F.2d 878, 879 (3d Cir. 1983). There is no indication in the Complaint that Johnson is or was a state actor.  To the contrary, the allegations of the Complaint and documents attached thereto suggest that Johnson is either the custodial parent or legal guardian of the child who is the subject of the family court proceedings underlying Plaintiff's instant civil action.

Accordingly, any § 1983 claim against Defendant Johnson must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii).  Moreover, because the claim against Johnson does not appear to be capable of being cured by amendment, the Court finds that a dismissal of the claim with prejudice would be appropriate.  See <u>Grayson</u>, 293 F.3d at 110.

Accordingly, for the foregoing reasons, the Complaint will be filed without prepayment of fees pursuant to 28 U.S.C. § 1915 and dismissed with prejudice in its entirety.  An appropriate form of Order will be filed herewith.

            s/Stanley R. Chesler
            STANLEY R. CHESLER
            United States District Judge

Dated:  July 28, 2011